UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


GLENN ALIN MARTINOFF,

        Plaintiff,

v.                                             Case No. 5:05-cv-444-Oc-10GRJ

J. JONES et al.,

        Defendants.

## ORDER DISMISSING CASE

On October 17, 2005, Plaintiff, an inmate incarcerated at the Federal Correctional Complex in Coleman, Florida, initiated this case by executing a civil rights complaint alleging Defendants violated his constitutional rights in denying his right to work. Plaintiff was assigned to work in the Federal Prison Industries, Inc. factory at Coleman. Plaintiff objected to the use of "lay-ins," claiming such actions are in violation of Bureau of Prison Policy Statements, federal regulations, and federal laws. (Doc. 1).

Plaintiff, *pro se* and *in forma pauperis*, is proceeding on an Amended Complaint. (Doc. 12). Now before the Court is Defendants' Motion to Dismiss. (Doc. 31). Plaintiff has filed a response (Doc. 34) and this matter is now ripe for review. For the following reasons, the motion is due to be **GRANTED**.

**Standard of Review**

A complaint should not be dismissed for failing to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Harris v. Proctor & Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir.1996).  The Court construes the complaint in the light most favorable to the plaintiff and all well-pled allegations are taken as true. See Roberts v. Florida Power & Light Co., 146 F.3d 1305, 1307 (11th Cir.1998).  A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Further, *pro se* pleadings are entitled to the benefit of liberal construction.[1]

**Discussion**

Liberally construed, the Amended Complaint asserts that Plaintiff's Fifth Amendment right to Due Process was violated when staff at Coleman informed Plaintiff that he would be required to use vacation days to get paid for the days the prison factory was closed.  Plaintiff also alleges that Defendants coerced him into taking a vacation day and that these coercions caused him to "suffer psychological stress, anxiety, and duress."  (Doc. 12, pg. 9).  As relief requested, Plaintiff seeks compensatory and punitive damages against each Defendant.

---

[1] Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff's amended complaint must be dismissed for failure to state a claim because Plaintiff's allegations do not trigger the protections of the Due Process Clause. A prisoner has no Constitutional right to a prison job or prison wages. Bulger v. United States Bureau of Prisons, 65 F. 3d 48, 50 (5th Cir. 1995). The Constitution does not create a property or liberty interest in prison employment. Gaston v. Taylor, 946 F.2d 340 (4th Cir. 1991)(en banc); see also Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986)(*holding* a job reassignment does not violate a prisoner's constitutional rights).

Further, pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." [2] Plaintiff claims that he is entitled to damages for emotional distress; however, he has not alleged any incident that resulted in a physical injury. Therefore, Plaintiff is not entitled to seek recovery for mental or emotional injury.[3]

## **Conclusion**

For the reasons set forth by the Defendants' in their motion, this case is due to be dismissed with prejudice. Accordingly, Plaintiff's amended complaint is **DISMISSED with prejudice for failure to state a claim.** The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

---

[2] This limitation applies to constitutional claims brought in a civil action while an inmate is confined. Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000).

[3] See id.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 20th day of November 2006.

_____
UNITED STATES DISTRICT JUDGE

c: Glenn Alin Martinoff
   Counsel of Record